United States District Court
Southern District of Texas

**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DELMI CAROLINA SALGADO SANCHEZ, A #201-408-797, and ISAAC JAIR FUENTES SALGADO, A #201-408-798, | § § § § § | |
| Petitioners, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-05354 |
| PAM BONDI, KRISTI NOEM, BRET BRADFORD, and RANDALL TATE,[1] | § § § § | |
| Respondents. | § | |

## ORDER FOR AN EXPEDITED ANSWER

The petitioners, Delmi Carolina Salgado Sanchez and Isaac Jair Fuentes Salgado, are detainees in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, they filed a petition for a writ of habeas corpus

---

[1] As Petitioners' immediate custodian, Warden Randy Tate is the proper respondent in this habeas case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained."). The Clerk shall correct the style of this case to name Warden Tate as Respondent.

under 28 U.S.C. § 2241, challenging their detention by federal officials without a bond

hearing under 8 U.S.C. § 1226(a).  Doc. No. 1.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[2]

requires the Court promptly to examine the petition and its attached exhibits and dismiss

the petition, in whole or in part, if the face of the petition shows that the petitioner is not

entitled to relief.  Having conducted the required examination, and concluding that some

of the allegations regarding a bond hearing under 8 U.S.C. § 1226(a) require an expedited

answer,[3] the Court **ORDERS** that Respondent file an Answer, as follows:

1.      The Clerk must deliver copies of the petition, (Doc. No. 1) and this Order to

the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by

certified mail return receipt requested, to the Civil Process Clerk, United States Attorney's

Office, 1000 Louisiana St., Suite 2300, Houston, TX 77002, and by electronic mail to

USATXS.CivilNotice@usdoj.gov.

2.      The Clerk must also serve copies of the petition, (Doc. No. 1) and this Order

by certified mail on: (1) Pamela Bondi, United States Attorney General, U.S. Department

of Justice, 950 Pennsylvania Avenue NW, Washington, D.C. 20530-0001; and (2) Warden

Randy Tate, Montgomery Processing Center, 806 Hilbig Rd., Conroe, Texas 77301.

---

[2] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[3] *See* 28 U.S.C. § 2243 (providing that an answer to show cause should be "returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

2 / 4

3.      Warden Tate must file an answer or other appropriate responsive pleading within **fourteen (14) days** after the date of service and must forward a copy to the petitioners' counsel.  He is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4.      In addition to any defense, in law or fact, to a claim for relief by Petitioners, Warden Tate's answer must contain: (a) a statement of the authority by which Petitioners are held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether Petitioners have exhausted all available administrative remedies.

5.      Whether Warden Tate elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), Petitioners must file any response within **twenty (20) days** after the date Petitioners are served with a copy of Respondent's submission.  Under the Court's local rules, a petitioner's failure to respond will be considered a representation that the petitioner does not oppose any motion that may have been filed. *See* S.D. Tex. L.R. 7.4.  If Petitioners fail to respond on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.      Respondent must notify Petitioners' counsel and the Court of any anticipated or planned transfer of Salgado Sanchez or Fuentes Salgado outside of the Houston Division

of the Southern District of Texas, or of any planned removal of either of them from the

United States, **at least five (5) days before** any such transfer or removal.

The Clerk of Court will provide a copy of this Order to the parties.

SIGNED this _____20ᵗʰ_____ day of November 2025.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE