UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DELMI CAROLINA SALGADO SANCHEZ and ISAAC JAIR FUENTES SALGADO, <br><br> Petitioners, <br><br> VS. <br><br> PAM BONDI, KRISTI NOEM, BRET BRADFORD, and RANDALL TATE, <br><br> Respondents. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 4:25-CV-05354 |

## ORDER OF DISMISSAL

The petitioners, Delmi Carolina Salgado Sanchez and Isaac Jair Fuentes Salgado, are detainees in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, they filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging their detention by federal officials without a bond hearing under 8 U.S.C. § 1226(a). Doc. No. 1. Respondents have filed a response and motion to dismiss, (Doc. No. 8), to which petitioners have filed a response (Doc. No. 10).

The undisputed facts in the record show that Petitioners are noncitizens who entered the United States without inspection. Doc. No. 10 at 2. Petitioners contend that they are entitled to bond hearings under 8 U.S.C. § 1226(a), the statute permitting discretionary

bond, and that they have been erroneously categorized as detainees subject to 8 U.S.C. § 1225(b)(2), the mandatory detention statute. Their arguments regarding sections 1225 and 1226 are foreclosed by the Fifth Circuit's recent panel decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Likewise, their arguments regarding the class action in *Maldonado Bautista v. Santacruz*, --- F.Supp.3d ----, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), fail because they are based on an interpretation of sections 1225 and 1226 that was rejected in *Buenrostro-Mendez*. *See Maldonado Bautista*, 2025 WL 3713987, at *8-12.

Accordingly, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**.
2. Respondents' motion to dismiss (Doc. No. 8) is **GRANTED**.
3. This case is **DISMISSED without prejudice**.
4. All other pending motions, if any, are **DENIED as MOOT**.
5. If the Fifth Circuit, *en banc*, or the United States Supreme Court enters a decision that is contrary to the panel decision in *Buenrostro-Mendez v. Bondi, supra*, Petitioners are granted leave to file a motion for reconsideration or initiate a separate petition.

**SO ORDERED.**

SIGNED this ___13___ day of February 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE